UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN C. KELSEY, II,

        Petitioner,

                                            Case No. 1:23-cv-914

v.

                                            Honorable Robert J. Jonker

BRYAN MORRISON,

       Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter is presently before the Court on Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2), Petitioner's motion to hold this matter in abeyance (ECF No. 3), and for preliminary review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Proceedings.

**I.**     **Petitioner's Request to Proceed *In Forma Pauperis***

Petitioner has requested leave of court to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. (ECF No. 2.) The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It is not unreasonable to require a prisoner to devote a small portion of his discretionary funds to defray a fraction of the costs of his litigation. *See Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 267 (7th Cir. 1987).

Petitioner has filed a trust account statement, which shows that over the past six months Petitioner has had an average monthly deposit of $56.11. At the time of filing his petition,

Petitioner had a spendable balance of $31.53. Petitioner's financial documents indicate that he has sufficient resources to pay the $5.00 filing fee. Therefore, Petitioner is not entitled to proceed *in forma pauperis* in this action, and the Court will deny Petitioner's motion for leave to proceed *in forma pauperis*. Petitioner has 28 days from the date of entry of this order to pay the $5.00 filing fee.

**II.     Preliminary Review and Stay and Abeyance**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). As explained below, after undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**A.     The Habeas Petition**

Petitioner John C. Kelsey, II, is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On June 9, 2015, following a nine-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of first-degree fleeing and eluding, in violation of Mich. Comp. Laws § 750.479a(5). On July 22,

2

2015, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 20 to 45 years.

On August 28, 2023, Petitioner filed his habeas corpus petition. The petition raises twenty-seven grounds for relief; but many of the grounds include subparts, substantially increasing the number of issues raised. (Pet., ECF No. 1, PageID.16–29.)

### B.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner reports that, with respect to the first twenty of the twenty-seven grounds raised, he has exhausted his state court remedies. With respect to the last seven, however, Petitioner admits they are unexhausted.

3

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'" (citation omitted)).

### C.    Disposition of Petitions with Unexhausted Claims

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could

jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

### D.     Propriety of Stay and Abeyance

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction has been appealed and remanded several times. The most recent appellate result was the Michigan Supreme Court's denial of reconsideration, *People v. Kelsey*, 978 N.W.2d 823 (Mich. 2022), of its denial of an application for leave to appeal, *People v. Kelsey*, 974 N.W.2d 221 (Mich. 2022), the Michigan Court of Appeals opinion remanding the judgment of conviction to the trial court, *People v. Kelsey*, Nos. 351719, 354239, 2021 WL 3877576 (Mich. Ct. App. Jul. 8, 2021), for amendment of the judgment to lower the restitution amount. There is nothing on the docket of the Ingham County Circuit Court that suggests that the judgment has yet been amended as required by the Michigan Court of Appeals. *See* Case Event, State of Michigan v. Kelsey, No. 14-001380-FH (Ingham Cnty. Cir. Ct.), https://courts.ingham.org/CourtRecordSearch/newSearch.do (select "Courts to be Searched" Circuit, input "Last Name" Kelsey, "First Name" John, "Date of Birth" June 16, 1980, check "Case Type" Criminal/Traffic, select "Search;" select "Case Summary" for Case Number 14-001380-FH, select "Search;" select "View;" visited Sept. 15, 2023). Thus, the judgment of conviction is not yet final. Put differently, once the trial court amends the judgment to reflect the proper restitution amount, Petitioner will still have an appeal as of right. *People v. Jones*, 231

N.W.2d 649 (Mich. 1975).[1] Under that scenario, Petitioner's judgment is not yet final and his period of limitation has not yet commenced.

But even if Petitioner did not have a remaining appeal of right, and if his last trip through the Michigan appellate court actually resulted in a final judgment, he would still have significant time remaining in the limitations period. The Michigan Supreme Court denied his motion for reconsideration on September 6, 2022. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 5, 2022. Accordingly, absent tolling, Petitioner would have one year, until December 5, 2023, in which to file his habeas petition. Thus, at worst, Petitioner has almost more than two months remaining in his period of limitation.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time would not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated

---

[1] Any appeal of right will be limited, however, to the matters before the trial court as a result of the remand. *Jones*, 231 N.W.2d at 649. The unexhausted issues Petitioner seeks to raise would not be properly raised in such an appeal; rather, Petitioner would have to raise them by way of a motion for relief from judgment once the amended judgment is final.

6

that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Indeed, it appears he has the entire period remaining. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, Petitioner's motion to hold this matter in abeyance will be denied, and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### E.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at

7

least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons that the Court dismisses the petition, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### III. Conclusion

The Court will enter an order denying Petitioner's motion for leave to proceed *in forma pauperis* and directing Petitioner to pay the $5.00 filing fee within 28 days; denying Petitioner's motion to hold this matter in abeyance; and denying a certificate of appealability. The Court will also enter a judgment dismissing the petition for failure to exhaust state-court remedies.

Dated:  September 20, 2023                /s/ Robert J. Jonker
                                          Robert J. Jonker
                                          United States District Judge